**AL FANG ZHENG, also known as Ai Fang Zheng, also known as Bao Xiang Zheng, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**No. 06–2291–ag.**

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

Sunit K. Joshi, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, U.S. Department of Justice, Leslie Mckay, Senior Litigation Counsel, Office of Immigration Litigation Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Al Fang Zheng, a citizen of the People's Republic of China, seeks review of a May 9, 2006 order of the BIA affirming the decision of immigration judge ("IJ") Jeffrey S. Chase reinstating the previous order, which granted Zheng's request to withdraw her application, ordered her departure and granted her request for voluntary departure. *In re Al Fang Zheng*, No. A73 579 278 (B.I.A. May 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003).

Zheng has failed to address the real issue at hand. In her brief before this Court, Zheng first argues that the BIA "misconstrued the basis" of its February 26, 2003 order by virtue of its language "sustaining the respondent's appeal" and that the IJ, in his August 2004 order, violated her due process rights by not abiding by the BIA's directive and failing to entertain her asylum application that was based on her sterilization claim.

■ Zheng's argument in this regard fails properly to address the BIA's May 2006 order explaining its 2003 holding as being limited to the IJ's erroneous application of the *Lozada* requirements to her motion to reopen. The record clearly reveals that, in its February 2003 order, the BIA did not, as Zheng claims, decide any issues in her favor except to state its agreement that *"Matter of Lozada ...* does not apply to allegations of ineffective assistance of non-attorneys." Moreover, the BIA focused on whether remand was appropriate given the fact that Zheng had been placed into both deportation and removal proceedings, under two different names and alien registration numbers. Nowhere in this order does the BIA mandate that the IJ reopen Zheng's deportation proceedings for the purpose of considering her asylum application based on her alleged sterilization by Chinese authorities.

■ Critically, however, in her opening brief before this Court, Zheng fails to take issue with the Board's findings that her motion to reopen: (1) was untimely; (2) was not subject to equitable tolling based on ineffective assistance because Zheng failed to demonstrate due diligence; and (3) failed to establish changed country conditions in China excusing the untimeliness.

Zheng also alleges that the BIA erroneously restricted its consideration of her ineffective assistance of counsel claim to counsel's advice that Zheng withdraw her asylum application. Zheng's contention in this regard totally fails to take into account the BIA's conclusion in its May 9, 2006 order that "[t]o the extent that [Zheng] contends that her former attorney's assistance was ineffective because he did not inquire about or pursue her [coercive population control] and forced sterilization-based claims, the record does not support a showing that she exercised 'due diligence.'" In light of this language, the BIA clearly did not, as Zheng contends, unduly restrict its analysis of her claim. Rather, the BIA fully considered Zheng's arguments and concluded, under the binding precedent of this Court, that she had not demonstrated that equitable tolling of the filing deadline for her motion to reopen was appropriate.

In sum, the arguments in Zheng's brief have almost no bearing on the substantive merits of the BIA's decision in this case. Because Zheng does not raise any identifiable issue or make any argument upon which this Court can grant substantive relief, we find that she has abandoned or waived any potential issues and deny the instant petition for review. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.